ENTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| HERMIE B. ROTEA, aka HERMIE BORRES ROTEA,<br><br>            Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION STEPHEN BREEN, DOES 1-10, INCLUSIVE,<br><br>            Defendants. | Case No. CV 06-2238-RC<br><br><br><br>OPINION AND ORDER |

On April 19, 2005, plaintiff Hermie B. Rotea, aka Hermie Borres Rotea, proceeding pro se, filed a complaint challenging the Social Security Administration's ("SSA") determination he had been overpaid old age benefits and the subsequent recoupment of the overpayment by the withholding of his retirement benefits and the garnishment of his wages by SSA. Plaintiff alleges the SSA's actions constitute age discrimination, fraud, misconduct, negligence, and violate his constitutional rights, and he seeks a refund of the monies withheld and garnished, with interest, damages, injunctive relief, and an accounting. On July 18, 2006, defendants filed a motion to dismiss

the complaint for lack of subject matter jurisdiction, and on September 21, 2006, plaintiff filed an opposition to the motion to dismiss. On September 1, 2006, plaintiff filed an amended opposition to the motion to dismiss.

**BACKGROUND**

On April 15, 1992, when plaintiff was 62 years old, he applied for and was granted retirement insurance benefits under Title II of the Social Security Act ("the Act"). Declaration of Rose Ray, ¶ 3(a).[1] Subsequently, on March 3, 1998, plaintiff applied for and was granted Supplemental Security Income ("SSI") benefits under Title XVI of the Act.[2] Id. In June 2000, SSA found it had overpaid plaintiff SSI benefits in the amount of $10,685.20 and began withholding $25.00 a month from plaintiff's Title II retirement benefits. Id., Exh. 1. The plaintiff does not challenge these actions.

However, on November 1, 2005, SSA determined it had also overpaid plaintiff SSI benefits in the amount of $6,201.00 and would withhold

---

[1] The Court notes that Ms. Ray has not authenticated any of the documents attached to her declaration. However, since plaintiff does not dispute the authenticity of these documents, the Court will consider them to be competent evidence.

[2] "The [SSI] program . . . provides cash payments to aged, blind, and disabled Americans for the purpose of ensuring that they have 'at least a subsistence level income.'" Newman v. Apfel, 223 F.3d 937, 938 (9th Cir. 2000) (citation omitted); Whaley v. Schweiker, 663 F.2d 871, 873 (9th Cir. 1981). Thus, SSI benefits are available only to aged, blind or disabled persons who have very limited income and resources which do not exceed a certain level. 20 C.F.R. § 416.1100; Higbee v. Sullivan, 975 F.2d 558, 563 (9th Cir. 1992) (per curiam); Cervantez v. Sullivan, 963 F.2d 229, 231 (9th Cir. 1992).

2

plaintiff's Title II retirement benefits between November 2005 and July 2006 to recover the overpayment. Ray Decl., ¶ 3(b), Exh. 2.[3] In furtherance of this determination, on November 23, 2005, SSA advised plaintiff that "[t]he next check [he would] receive will be for $447.00, which is the money you are due through July 2006." Id., Exh. 3. In this notice, SSA also advised plaintiff he had a right to appeal the overpayment and recoupment decision:

> If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

Id. In response, on December 7, 2005, plaintiff filed a request for reconsideration of SSA's overpayment and recoupment decision; however, SSA has not yet ruled on this request. Complaint, Exhs. G-G1; Ray Decl., ¶ 3(c), Exh. 4. Finally, on April 3, 2006, SSA advised plaintiff it was "withholding all of [his] monthly benefits beginning April 2006 to recover an overpayment[,]" and plaintiff would "receive $729.50 for August 2006 around September 1, 2006." Ray Decl., ¶ 3(d), Exh. 5.

---

[3] This overpayment was caused by plaintiff working between October 20, 2003, and January 13, 2006. See Complaint, Exhs. E, F-1, K-1-K-11.

3

**DISCUSSION**

**I**

A federal court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 544 U.S. 1018 (2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039; Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

When a motion to dismiss constitutes a "factual attack" on federal jurisdiction, "the district court is not confined to the four corners of the complaint – it may consider facts and need *not* assume the truthfulness of the complaint[,]" and the existence of disputed material facts will not preclude the court from evaluating the existence of subject matter jurisdiction. Americopters, LLC v. Fed. Aviation Admin., 441 F.3d 726, 732 n.4 (9th Cir. 2006) (emphasis in original); Safe Air for Everyone, 373 F.3d at 1039; White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). When, as here, subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam);

4

Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992); O'Connell v. Chater, 958 F. Supp. 466, 467 (C.D. Cal. 1996).  Congress may prescribe the procedures and conditions under which the federal courts may review administrative decisions. City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336, 78 S. Ct. 1209, 1218, 2 L. Ed. 2d 1345 (1958); Bacon, 969 F.2d at 1519; O'Connell, 958 F. Supp. at 467.

Furthermore, "[u]nder settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368, 108 L. Ed. 2d 548 (1990) (citations and internal quotation marks omitted); Hercules, Inc. v. United States, 516 U.S. 417, 422, 116 S. Ct. 981, 985, 134 L. Ed. 2d 47 (1996).  "Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity."  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769, 85 L. Ed 1058 (1941)).

1       Congress has expressly provided the limited circumstances under
2  which an individual may bring suit against the Social Security
3  Administration, as follows:

5       Any individual, after any final decision of the Commissioner
6       of Social Security made after a hearing to which he was a
7       party, . . . may obtain a review of such decision by a civil
8       action commenced within sixty days after the mailing to him
9       of notice of such decision or within such further time as
10      the Commissioner of Social Security may allow.

12 42 U.S.C. § 405(g).[4]  This provision is the sole jurisdictional basis
13 for judicial review of any claim arising under the Act.  42 U.S.C. §
14 405(h).[5]
15 //
16 //

---

[4] Section "405(g) applies to judicial review under both Title II and Title XVI." <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1081 n.1 (9th Cir. 2003).

[5] 42 U.S.C. § 405(h) provides:

   The findings and decision of the Commissioner of Social
   Security after a hearing shall be binding upon all
   individuals who were parties to such hearing.  No
   findings of fact or decision of the Commissioner of
   Social Security shall be reviewed by any person,
   tribunal, or governmental agency except as herein
   provided.  ***No action against the United States, the
   Commissioner of Social Security, or any officer or
   employee thereof shall be brought under section 1331 or
   1346 of Title 28 to recover on any claim arising under
   this subchapter***.

(emphasis added).

Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'"[6] Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 986, 51 L. Ed. 2d 192 (1977); Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001); Udd v. Massanari, 245 F.3d 1096, 1098 (9th Cir. 2001). A final judgment consists of two elements:

> [1] the presentment of a claim to the [Commissioner] and [2] the exhaustion of administrative remedies. The presentment requirement is jurisdictional, and therefore cannot be waived by the [Commissioner] or the courts. The exhaustion requirement . . . is not jurisdictional, and thus, is waivable by either the [Commissioner] or the courts.

Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1992); Mathews v. Eldridge, 424 U.S. 319, 328, 96 S. Ct. 893, 899, 47 L. Ed. 2d 18 (1976); Kaiser v. Blue Cross, 347 F.3d 1107, 1115 (9th Cir. 2003).

---

[6] Initially, the Commissioner is correct that this Court has no jurisdiction to review her decision to garnish plaintiff's wages since such an action is not a "final decision" within the meaning of Section 405(g). See 20 C.F.R. § 416.1403(a)(20) ("Administrative actions that are not initial determinations may be reviewed by us, but they are not subject to the administrative review process provided by this subpart and they are not subject to judicial review. These actions include, but are not limited, to an action about . . . [d]etermining whether we will order your employer to withhold from your disposable pay to collect an overpayment you received under [SSI]."); Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir. 1990) ("The [Social Security] Act does not define 'final decision and 'its meaning is left to the [Commissioner] to flesh out by regulation.' The regulations define reviewable 'final decisions' as decisions by the Appeals Council either reviewing or denying review of an ALJ decision." (citations and footnote omitted)).

1       The Commissioner contends plaintiff has not exhausted his
2  administrative remedies regarding the recoupment of his overpayment,
3  and plaintiff concedes this is correct.  See Complaint at 5:18-6:6:12.
4  Indeed, Social Security regulations prescribe a three-step process for
5  exhausting administrative remedies when a claimant challenges an
6  initial determination of an overpayment of benefits or that the
7  overpayment must be repaid: (1) If a claimant is dissatisfied with an
8  initial decision, he may file a request for reconsideration of the
9  decision within 60 days from receipt of the initial notice unless
10 "good cause" is shown for extending the deadline; (2) if the request
11 for reconsideration is denied, the claimant may request a hearing
12 before an administrative law judge within 60 days from receipt of the
13 notice of the reconsideration determination or decision unless "good
14 cause" is shown for extending the deadline; and (3) if the claimant is
15 dissatisfied with the administrative law judge's decision, he may
16 request the Appeals Council review the decision within 60 days from
17 receipt of the administrative law judge's decision or dismissal of the
18 matter unless good cause is shown to extend the deadline.  See, e.g.,
19 20 C.F.R. §§ 416.1400(a), 416.1402(c), 416.1409-416.1411, 416.1433,
20 416.1467-1468.

22      Here, the notice dated November 23, 2005, that informed plaintiff
23 SSA was going to withhold his retirement benefits to recoup the SSI
24 overpayment, was an initial determination within the meaning of SSA's
25 regulations, and plaintiff timely sought reconsideration of this
26 decision.  However, plaintiff filed this federal court action before
27 SSA had acted upon his request for reconsideration, and without first
28 seeking a hearing before an administrative law judge or Appeals

```
 1  Council review, Complaint, Exhs. G-G1; Ray Decl., ¶ 3(c), Exh. 4;
 2  therefore, plaintiff has not exhausted his administrative remedies.
 3  See Bowen v. New York, 476 U.S. 467, 482, 106 S. Ct. 2022, 2031, 90 L.
 4  Ed .2d 462 (1986) ("To obtain a final decision from the [Commissioner]
 5  a claimant is required to exhaust his administrative remedies by
 6  proceeding through all three stages of the administrative appeals
 7  process.  Only a claimant who proceeds through all three stages
 8  receives a final decision from the [Commissioner]." ); Bass v. Soc.
 9  Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) (claimant
10  challenging overpayment failed to exhaust administrative remedies when
11  claimant "failed to request . . . a hearing before an administrative
12  law judge, or review by the appeals council").
13
14       Although the Commissioner may waive exhaustion of administrative
15  remedies, Bass, 872 F.2d at 833, she has not done so here.  Neverthe-
16  less, this Court may determine that judicial waiver of the administra-
17  tive remedies exhaustion requirement is appropriate.  Cassim v. Bowen,
18  824 F.2d 791, 795 (9th Cir. 1987).  To determine whether a particular
19  case merits judicial waiver of the administrative remedies exhaustion
20  requirement, courts have applied a three-part test.  Johnson, 2 F.3d
21  at 921; Kaiser, 347 F.3d at 1115.  Essentially, the test requires that
22  "'[t]he claim must be (1) collateral to a substantive claim of
23  entitlement (collaterality), (2) colorable in its showing that denial
24  of relief will cause irreparable harm (irreparability), and (3) one
25  whose resolution would not serve the purpose of exhaustion
26  (futility).'"  Kaiser, 347 F.3d at 1115 (quoting Johnson, 2 F.3d at
27  921).  Here, grounds do not exist to judicially waive the administra-
28  tive remedies exhaustion requirement.  Specifically, plaintiff's
```

9

claims are not "collateral to a substantive claim of entitlement," but are directed at his substantive claim. Kildare, 325 F.3d at 1082-83; Bass, 872 F.2d at 833. Moreover, "administrative proceedings would not be futile for [plaintiff's] claim but would be necessary in order to establish a detailed factual record and permit the agency to apply its expertise." Bass, 872 F.2d at 833; Kildare, 325 F.3d at 1084. Since plaintiff has not exhausted his administrative remedies regarding the overpayment and its recoupment, this Court lacks subject matter jurisdiction over plaintiff's challenge of the recoupment of the SSI overpayment.[7] Bass, 872 F.2d at 833; Hironymous v. Bowen, 800 F.2d 888, 894 (9th Cir. 1986).

**II**

To the extent plaintiff's complaint raises a tort claim for fraud or negligence, it is governed by the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 2671-80. Under the FTCA, only the United States is a proper defendant; neither SSA nor Breen are proper defendants.

---

[7] In his amended opposition to the motion to dismiss, plaintiff claims that despite his failure to exhaust his administrative remedies, he can maintain a procedural due process claim that his retirement benefits were terminated without notice or an opportunity to be heard. See Amended Opposition at 4:6-5:11. However, there are no facts supporting this argument. Rather, plaintiff was provided notice that his Title II retirement benefits would be withheld -- not terminated -- and informed how he might challenge that decision, and plaintiff timely sought reconsideration of that determination; however, plaintiff did not wait for SSA's ruling on his request for reconsideration before filing in this district court. In any event, plaintiff "ha[s] not been deprived of procedural due process until [he has] exhausted [his] administrative remedies because only then can [this Court] determine whether [plaintiff was] deprived of adequate process." Kildare, 325 F.3d at 1085.

1  Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir.
2  1998) (per curiam); Lance v. United States, 70 F.3d 1093, 1095 (9th
3  Cir. 1995) (per curiam); see also Federal Deposit Ins. Corp. v. Craft,
4  157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy
5  for tortious conduct by the United States, and it only allows claims
6  against the United States.  Although such claims can arise from the
7  acts or omissions of United States agencies . . . , an agency itself
8  cannot be sued under the FTCA.").  Moreover, and more importantly,
9  plaintiff cannot maintain a tort action against the United States
10 based on the improper withholding of Social Security benefits.  42
11 U.S.C. § 405(h); Hooker v. United States Dep't of Health & Human
12 Servs., 858 F.2d 525, 529-30 (9th Cir. 1988).  Finally, plaintiff
13 cannot maintain an FTCA claim since he did not exhaust his tort claim
14 administrative remedies.[8]  McNeil v. United States, 508 U.S. 106, 113,
15 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993); Sameena, Inc. v.
16 United States Air Force, 147 F.3d 1148, 1152 (9th Cir. 1998).

18     To the extent plaintiff's complaint raises a civil rights or
19 *Bivens*[9] action, it cannot be brought against an agency of the United
20 States, such as the Social Security Administration, Federal Deposit
21 Ins. Corp. v. Meyer, 510 U.S. 471, 483-86, 114 S. Ct. 996, 1004-06,
22 127 L. Ed. 2d 308 (1994); Bruns v. National Credit Union Admin., 122
23 F.3d 1251, 1255 (9th Cir. 1997), or against defendant Breen in his
24 individual capacity.  Schweiker v. Chilicky, 487 U.S. 412, 429, 108
25 //

---

[8]  See Declaration of John A. Carlo, ¶ 3.

[9]  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

11

S. Ct. 2460, 2470-71, 101 L. Ed. 2d 370 (1988); Butler v. Apfel, 144 F.3d 622, 624 (9th Cir. 1998) (per curiam); Hooker, 858 F.2d at 530.

**ORDER**

The defendant's motion to dismiss for lack of subject matter jurisdiction IS GRANTED, and Judgment shall be entered accordingly.

DATE: December 8, 2006      /s/ Rosalyn M. Chapman
                                          ROSALYN M. CHAPMAN
                               UNITED STATES MAGISTRATE JUDGE

R&R-MDO\06-2238.MDO
12/8/06

12